NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1095n.06

No. 12-5012

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Oct 23, 2012**
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| PAUL LAURENT, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| STEPHEN DOTSON, | ) | THE MIDDLE DISTRICT OF |
| | ) | TENNESSEE |
| Respondent-Appellee. | ) | |

Before: MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM. Paul Laurent, who is represented by counsel, appeals a district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254.

Following a bench trial in 2004, Laurent was convicted of aggravated kidnapping, attempted aggravated sexual battery, aggravated sexual battery, attempted child neglect, and two counts of sexual battery by an authority figure. The trial court sentenced Laurent to twelve years of imprisonment for aggravated kidnapping, six years of imprisonment for attempted aggravated sexual battery, twelve years of imprisonment for aggravated sexual battery, two years of imprisonment for attempted child neglect, and five years of imprisonment for each count of sexual battery by an authority figure. The court ordered that Laurent's sentences for aggravated kidnapping, aggravated sexual battery, and attempted aggravated sexual battery run concurrently, that his sentences for sexual battery by an authority figure and attempted child neglect also run concurrently, and that the twelve year concurrent sentence run consecutive to the five year concurrent sentence, resulting in an effective sentence of seventeen years of imprisonment. The Tennessee Court of Criminal Appeals

affirmed Laurent's convictions and the Tennessee Supreme Court denied Laurent permission to appeal.

Laurent then filed a petition for post-conviction relief with the state trial court, arguing that he received ineffective assistance of counsel at trial. The trial court dismissed the petition. The Tennessee Court of Criminal Appeals affirmed that decision, *Laurent v. State*, No. M2008-01836-CCA-R3-PC, 2009 WL 2502004 (Tenn. Crim. App. Aug. 17, 2009), and the Tennessee Supreme Court again denied Laurent permission to appeal.

On March 11, 2010, Laurent filed his petition for a writ of habeas corpus pursuant to section 2254, again asserting that his trial counsel was ineffective. Laurent argued that trial counsel erred by not interviewing witnesses prior to trial, resulting in counsel eliciting damaging testimony during cross-examination. He also asserted that trial counsel erroneously advised him before sentencing to file a statement of allocution and submit to a sexual-offender evaluation. The district court found that the state courts of Tennessee reasonably concluded that counsel's actions during cross-examination did not prejudice Laurent. With respect to the pre-sentencing advice, the district court found that the state courts reasonably resolved this claim by determining that counsel made a strategic decision based on the facts. The district court denied Laurent's petition for habeas relief and granted a certificate of appealability under 28 U.S.C. § 2253(c).

We review the district court's decision de novo. *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008).

To state a claim for ineffective assistance of counsel, a petitioner must demonstrate that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be established by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Prejudice can be established by showing that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Laurent argues that his attorney was deficient by asking the nurse who examined the victim whether the victim's scratches were recent. To establish that Laurent committed aggravated sexual battery, the prosecutor had to prove, among other things, that Laurent caused bodily injury to the victim. Tenn. Code Ann. § 39-13-504(a)(2). Bodily injury is defined as "a cut, abrasion, bruise, burn or disfigurement, and physical pain or temporary illness or impairment of the function of a bodily member, organ, or mental faculty." Tenn. Code Ann. § 39-11-106(a)(2). Laurent asserts that by asking the nurse about the victim's scratches, counsel provided the nurse an opportunity to testify that the injuries were new, thereby introducing the evidence of bodily injury on which the trial court based its conviction of aggravated sexual battery.

The Tennessee Court of Criminal Appeals, applying *Strickland,* concluded that Laurent failed to establish that he was prejudiced by counsel's cross-examination of the nurse. The court found that the victim's testimony that Laurent held her down and rubbed mace in her eyes was sufficient to establish bodily injury. *Laurent*, 2009 WL 2502004, at *8. The victim testified that the mace burned her eyes. The nurse also testified on direct examination that the victim stated that the mace burned her eyes. Because this evidence was sufficient to establish bodily injury under Tennessee law, counsel's question did deprive Laurent of a fair trial.

Laurent contends that his attorney was ineffective for advising him to submit a statement of allocution and undergo a psychosexual evaluation before sentencing because the trial court used the information from the allocution and evaluation to enhance his sentences and impose consecutive sentences. The Tennessee Court of Criminal Appeals held that counsel's advice regarding Laurent's allocution was a reasonable strategy "to establish his remorse." *Id*. at *9. The court found that counsel was not ineffective with respect to the psychosexual evaluation because Tennessee law

requires a sex offender to submit to such evaluation prior to sentencing. *See* Tenn. Code Ann. § 39-13-705. Thus, counsel was not ineffective regarding this issue.

The district court's judgment is affirmed.